# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
#### 5:12-cv-146-RJC

MARVIN W. MILLSAPS,      )
                                    )
          Petitioner,       )
                                    )
         v.                 )
                                    )          **ORDER**
BUTCH JACKSON,         )
Administrator, Nash       )
Correctional Institution,   )
                                    )
         Respondent.   )
                                    )

        **THIS MATTER** is before the Court on its own motion following the filing of the

Respondent's Motion for Summary Judgment to the claims raised in Petitioner's petition for

habeas corpus filed pursuant to 28 U.S.C. § 2254.

        In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises

Petitioner, who is proceeding pro se, of the heavy burden that he carries in addressing

Respondent's response and Motion for Summary Judgment. (Doc. No. 17). Summary judgment

shall be granted "if the movant shows that there is no genuine issue of material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is

genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1996). A fact is material only if it

might affect the outcome of the suit under governing law.  Id.

        The movant has the "initial responsibility of informing the district court of the basis for

its motion, and identifying those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes

demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving

party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3.

The nonmoving party may not rely upon mere allegations or denials of allegations in his

pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must

present sufficient evidence from which "a reasonable jury could return a verdict for the

nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County,

Md., 48 F.3d 810, 818 (4th Cir. 1995).

If Petitioner has any evidence to offer to show that there is a genuine issue for trial, he

must now file it to the Court in a form which would otherwise be admissible at trial, i.e., in the

form of affidavits or unsworn declarations. Federal Rule of Civil Procedure 56(c) provides that:

> (**1**) *Supporting Factual Positions***.** A party asserting that a fact cannot be or is
> genuinely disputed must support the assertion by:
>
> (**A**) citing to particular parts of materials in the record, including depositions,
> documents, electronically stored information, affidavits or declarations,
> stipulations (including those made for purposes of the motion only), admissions,
> interrogatory answers, or other materials; or
>
> (**B**) showing that the materials cited do not establish the absence or presence of a
> genuine dispute, or that an adverse party cannot produce admissible evidence to
> support the fact.
>
> (**2**) *Objection That a Fact Is Not Supported by Admissible Evidence***.** A party
> may object that the material cited to support or dispute a fact cannot be presented
> in a form that would be admissible in evidence.

**(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

**(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public.  An unsworn statement, made and signed under the penalty of perjury, may also be submitted.  Affidavits or statements must be presented by Petitioner to this Court no later than thirty one (31) days from entry of this Order. Petitioner's  failure to file a proper response to Respondent's motion for summary judgment could result in an Order granting Respondent's prayer for relief, that is, dismissal of Petitioner's 2254 petition with prejudice.

**IT IS, THEREFORE, ORDERED** that the pro se Petitioner shall have thirty one (31) days from entry of this Order, to file his response, including any evidence, to Respondent's Motion for Summary Judgment.  Petitioner's  failure to file a proper response to Respondent's motion for summary judgment could result in an Order granting Respondent's prayer for relief, that is, dismissal of Petitioner's 2254 petition with prejudice.

Signed: February 4, 2013

Robert J. Conrad, Jr.
Chief United States District Judge

3