UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-146-RJC

| MARVIN W. MILLSAPS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| LEWIS SMITH,<br>Administrator, Albemarle<br>Correctional Institution, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Respondent's Motion for Summary Judgment on the claims presented by Petitioner in his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's Motion will granted and Petitioner's Section 2254 petition will be denied and dismissed.[1]

**I.   BACKGROUND**

On August 16, 2011, Petitioner was convicted by a jury in Iredell County Superior Court on one count of being a felon-in-possession of a firearm, and one count of having attained the status of a habitual felon.[2] Petitioner filed a notice of appeal from his judgment to the North Carolina Court of Appeals who summarized his case as follows:

> On 27 January 2011, Larry Connor witnessed defendant fire a
> shotgun three times while defendant was standing on the porch of
> the duplex where both men lived. Mr. Connor testified he had

---

[1] The Court will address the motions filed by Petitioner herein.
[2] According to the website of the North Carolina Department of Public Safety, Petitioner is presently housed at Albemarle Correctional Institution and is scheduled to be released from State custody on December 3, 2018.

been renting a room to defendant, his cousin, for about six to eight months at the time of the incident. Mr. Connor asked defendant to put the gun in the house, and when he refused Mr. Connor called the police.

Mr. Connor's house was about six blocks from the police department, and Captain David Onley and Sergeant Jason York responded to the call within about thirty seconds. The officers saw defendant on the front porch of the house. Captain Onley testified that when he and Sergeant York arrived at the scene, he saw "complete haze in the yard; and when we got out of the car, we could tell that the haze was gunsmoke [sic]." Sergeant York also testified about the heavy gun smoke.

When the officers ordered defendant to get down from the porch, defendant immediately began pointing at the railing and saying "it's right here." When the officers approached defendant, they saw he was pointing at a shotgun. After the officers handcuffed defendant, they searched the area and found spent shell casings and a box of shotgun shells on the porch.

At trial, the State introduced evidence that defendant had a prior felony conviction. Defendant testified on his own behalf, stating that he was not related to Mr. Connor and was present at Mr. Connor's home because it was a "liquor house." Defendant also testified that the shotgun belonged to another man who had tried to sell it to Mr. Connor. The jury found defendant guilty of possession of a firearm by a felon. In a separate habitual felon proceeding, the jury also found defendant guilty of having attained habitual felon status. Defendant appeals.

In his sole argument on appeal, defendant contends the trial court committed plain error by admitting evidence that indicated he fired the shotgun. Defendant specifically contends the evidence that Mr. Connor saw defendant fire the shotgun and that the officers observed gun smoke and found shotgun shells on the porch is irrelevant. We disagree.

Defendant acknowledges he did not object to the admission of any of the evidence that he now claims is irrelevant, and that we must therefore review the admission of that evidence for plain error. N.C.R. App. P. 10(a)(4). Plain error is "a *fundamental* error, something so basic, so prejudicial, so

lacking in its elements that justice cannot have been done[.]"
*State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983)
(citation and quotation marks omitted) (emphasis in original).
Under plain error analysis, a defendant is entitled to reversal
"only if the error was so fundamental that, absent the error,
the jury probably would have reached a different result." *State
v. Jones*, 355 N.C. 117, 125, 558 S.E.2d 97, 103 (2002).

"'Relevant evidence' means evidence having any tendency to
make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than
it would be without the evidence." N.C.R. Evid. 401.
Generally, relevant evidence is admissible. N.C.R. Evid. 402.
Our courts "have interpreted Rule 401 broadly and have explained
on a number of occasions that in a criminal case every
circumstance calculated to throw any light upon the supposed
crime is admissible and permissible." *State v. Collins*, 335
N.C. 729, 735, 440 S.E.2d 559, 562 (1994) (citation omitted).

"[T]here are two elements to the offense [of possession of
a firearm by a felon]. The State must provide substantial
evidence that the defendant has a prior felony conviction, and a
firearm in his possession." *State v. Hussey*, 194 N.C. App. 516,
521, 669 S.E.2d 864, 867 (2008).

Contrary to defendant's argument, Mr. Connor's testimony
that he witnessed defendant discharge the shotgun was highly
relevant to proving defendant possessed the shotgun. In fact,
Mr. Connor's testimony constituted direct evidence of
defendant's actual possession of the shotgun. Further, the
officers' testimony that they observed the gun smoke haze and
found the shotgun shells corroborated Mr. Connor's testimony,
particularly in light of the officers' additional testimony that
defendant was still on the porch when they arrived and that he
knew the location of the shotgun. Accordingly, we hold that the
trial court did not err, much less commit plain error, in
admitting evidence that tended to prove defendant possessed the
shotgun.

State of North Carolina v. Millsaps, 731 S.E.2d 275 (N.C. Ct. App. 2012) (unpublished).

Petitioner did not file a petition for a writ of certiorari with the Supreme Court of North Carolina. Instead, he filed numerous motions in the Iredell County Superior Court challenging

3

both his 2011 judgment and older State felony convictions. In the event Petitioner's arguments are not wholly conclusory or frivolous, Petitioner's arguments will be addressed in turn below.

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the requirements set forth in 28 U.S.C. § 2254, which provides in relevant part, that an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

### III. DISCUSSION

#### A. Ground for Relief (1)

In his first ground for relief, Petitioner argues that the State violated his rights by failing to disclose favorable evidence to him prior to trial. Petitioner appears to claim that one or more felony convictions were improperly used to either enhance his sentence or to support the charge of habitual felon. (Doc. No. 1 at 4). This claim will be denied for two reasons. First, Plaintiff did not raise this issue on direct appeal to the North Carolina Court of Appeals and the Court finds that it is therefore procedurally defaulted. Second, Petitioner provides no evidence, as it his

5

burden to do, that any of the complained of convictions have been set aside through State proceedings and the Court finds no evidence in the present record to support such an action.

      B.      Ground for Relief (2)

Petitioner next argues that he was denied effective assistance of counsel as protected by the Sixth Amendment because his trial counsel failed to renew a motion to dismiss the habitual felon indictment and refused to gather exculpatory evidence to demonstrate his innocence on the charge. (Doc. No. 1 at 4).

In 2011, Petitioner was indicted for being a habitual felon after the Iredell County grand jury found that he had been convicted of three (3) prior felony convictions: one conviction for assault with a deadly weapon with intent to kill inflicting serious injury, in 1997; one conviction for possession with intent to sell or deliver cocaine; and one conviction for assault by strangulation in 2006. (Doc. No. 18-2 at 9: Indictment). Again, Petitioner does not demonstrate that any of these prior felony convictions have been invalidated and any attempt in this collateral proceeding to challenge these convictions would clearly be untimely and Petitioner could not establish equitable tolling. Further, this is merely a conclusory allegation which should be denied. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (finding for dismissal of claims that are conclusory along with "contentions that in the face of the record are wholly incredible.").

To the extent Petitioner raises a claim of insufficiency of the evidence to support his conviction, it must fail. On federal habeas review, the standard of review for a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. See Wright v. West, 505 U.S. 277 (1992); Jackson v. Virginia, 443 U.S. 307

6

(1979). A review of the record before the Court and the opinion of the North Carolina Court of Appeals raises no doubt that the evidence presented through the testimony from Petitioner's uncle, and two responding police officers together with Petitioner's state criminal record, support his convictions.

        C.        <u>Ground for Relief (3)</u>

Here, Petitioner contends that the use of his prior assault by strangulation conviction violated the Double Jeopardy Clause. (Doc. No. 1 at 5). As noted, this conviction was alleged in his habitual felon indictment and relied upon by the jury to convict him of attaining the status of a habitual felon. This argument regarding recidivism has been squarely rejected by the Supreme Court of the United States and will likewise be rejected now. Petitioner was not punished anew for his assault by strangulation conviction, rather, that conviction served as the basis for his recidivist enhancement. And being a habitual felon under North Carolina law represents a status, not a crime. Put simply, once habitual felon status is achieved, and the supporting felonies are not invalidated, the status is confirmed and allows for a defendant's sentence to be enhanced. <u>See</u> N.C. Gen. Stat. § 14-7.1; <u>State v. Patton</u>, 342 N.C. 633, 635 (1996) (being a habitual felon is not a crime but, rather, a status which subjects the defendant to increased punishment). More to the point, in this federal habeas proceeding, the Supreme Court of the United States has repeatedly rejected challenges based on recidivism against ex post facto, due process, equal protection, <u>and</u> double jeopardy. <u>See, e.g.</u>, <u>Spencer v. Texas</u>, 385 U.S. 554, 559 (1967); <u>Rummel v. Estelle</u>, 445 U.S. 263, 265 (1980). <u>See also</u> <u>United States v. Etheridge</u>, 932 F.2d 318, 323 (4th Cir.), <u>cert. denied</u>, 502 U.S. 917 (1991).

For the foregoing reasons, this claim will be denied.

D.  Ground for Relief (4)

As observed by counsel for Respondent, Petitioner appears to raise some specter of a claim that his trial counsel colluded with the prosecuting attorney by not providing a vigorous defense. (Doc. No. 1 at 5). A review of the State record in this matter lends no support to this unsupported claim, and Petitioner provides no evidence to support such an assertion and it will be denied as conclusory. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), overruled on other grounds by Gray v. Netherland, 518 U.S. 151, 165-66 (1996).

E.  Petitioner's Remaining Motions

1.  Motion for Relief under Simmons

In United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), the Court considered the propriety of applying a North Carolina, state felony conviction to enhance a federal defendant's sentence following conviction for a federal controlled substance offense. Because Simmons has no application in Petitioner's case, this motion will be denied. (Doc. No. 15).

2.  Motion for Default

Petitioner again raises challenges to the constitutionality of his State judgment, all of which have been rejected in this habeas proceeding. For the reasons stated previously, this motion is denied. (Doc. No. 22).

3.  Motion to Appoint Counsel

The Court observes that there is no constitutional right to counsel in Section 2254 proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas proceeding if it finds that "that the

interests of justice so require." The Court has examined Petitioner's many filings and finds that they do not entitle him to habeas relief. The motion for counsel will be denied. (Doc. No. 24).

        4.        Motion for Article 81B Structured Sentencing

This motion presents a challenge to Petitioner's sentencing at the State level under North Carolina's Structured Sentencing Act, and is therefore not a cognizable claim on federal habeas review. Petitioner's constitutional challenges to his conviction and sentence have been denied herein, and this motion will be denied. (Doc. No. 25).

        5.        Motion for Universal Declaration of Human Rights

This is yet another challenge to Petitioner's State conviction for being a felon-in-possession of a firearm. This challenge again falls far short of demonstrating any entitlement to federal habeas relief and this motion will be denied for the reasons stated herein. (Doc. No. 26).

## IV. CONCLUSION

**IT IS, THEREFORE ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED**. (Doc. No. 17).

2. Petitioner's Motion to Vacate is **DENIED**. (Doc. No. 15).

3. Petitioner's Motion for Default is **DENIED**. (Doc. No. 22).

4. Petitioner's Motion for Appointment of Counsel is **DENIED**. (Doc. No. 24).

5. Petitioner's Motion for Article 81B Structured Sentencing is **DENIED**. (Doc. No. 25).

6. Petitioner's Motion for Universal Declaration of Human Rights is **DENIED**. (Doc. No. 26).

7. Petitioner's petition for habeas corpus will be **DENIED** and **DISMISSED**. (Doc.

No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this case.

Signed: July 12, 2013

*[signature]*

Robert J. Conrad, Jr.
United States District Judge